UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEET METAL WORKERS' LOCAL UNION NO. 80 PENSION TRUST FUND, SHEET METAL WORKERS' LOCAL UNION NO. 80 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 80 INSURANCE TRUST FUND, SHEET METAL WORKERS' LOCAL UNION NO. 80 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, INTERNATIONAL TRAINING INSTITUTE, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE, and LOCAL UNION NO. 80 OF THE SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL-CIO,

Case number 06-10329
Honorable Julian Abele Cook, Jr.

Plaintiffs,

v.

J.K.M ENTERPRISES, INC. a/k/a MILBRAND ROOFING COMPANY, a corporation incorporated under the laws of the State of Michigan,

Defendant.

_____/

ORDER

On January 24, 2006, the Plaintiffs, Sheet Metal Workers' Local Union No. 80 Pension Trust, et al ("Plaintiffs"), initiated this lawsuit in an effort to obtain, among other things, the enforcement of an arbitration award by the Local Joint Adjustment Board, ("LJAB") against the Defendants, J.K.M. Enterprises, Inc. ("J.K.M.") a/k/a Milbrand Roofing Company ("Milbrand Roofing").

On February 20, 2007, the Plaintiffs filed a motion for summary judgment, seeking an order that would (1) confirm the arbitration award of the LJAB, and (2) require J.K.M. to submit its

records for auditing purposes and, in general, fully comply with all of its contractual obligations under the parties' collective bargaining agreement. Seven days later, J.K.M. submitted its own motion for summary relief, contending that there are no genuine issues of a material facts to be resolved in this litigation Fed. R. Civ. P. 56.

For reasons that have been set forth below, the Plaintiffs' motion for summary judgment will be granted, and J.K.M.'s application for relief will be denied.

I.

Prior to the commencement of this lawsuit, the Plaintiffs filed a grievance against the Defendants on June 24, 2005, contending that it is entitled to receive an award in the sum of $8,906.93 plus any unpaid contributions as well as the costs of its collection efforts.[1] However, J.K.M. disputes this allegation, maintaining that it is neither indebted to the Plaintiffs nor delinquent in its obligations to make appropriate payments under the parties' collective bargaining agreement. The Plaintiffs' grievance was referred to a Local Joint Adjustment Board ("Board") that had been established in order to resolve any controversies arising out of the collective bargaining agreement. The Board, after conducting a hearing on the issue, rendered an award in favor of the Plaintiffs on November 11, 2005,[2] and, in so doing, determined that the terms of the

---

[1] The Grievance procedure, as set forth in the collective bargaining agreement, succinctly provides that in order to be valid, "grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or, if the occurrence was not ascertainable, within thirty (30) calendar days of first knowledge of the facts giving rise to the grievance."
This collective bargaining agreement also includes a provision (to wit, Article X, Section 2) which states that a "[n]otice of appeal to the Local Joint Adjustment Board shall be given within thirty (30) days after termination of the grievance procedure prescribed in Section 1 of this Article, unless the time is extended by mutual agreement of the parties."

[2] J.K.M. maintains that it was neither notified of the grievance hearing nor given an opportunity to be submit its position in this controversy to the decision-makers. However, the Plaintiffs assert that the Board forwarded notices of hearing to all of the parties on October 12, 2005. But, according to the Plaintiffs, the notice was not claimed by J.K.M. As a result, the Plaintiffs

parties' collective bargaining agreement obligated the Defendants to (1) pay all liquidated damages and unpaid contributions, (2) submit fringe benefit payments as mandated by the agreement, and (3) file all reports and pay the requisite fringe benefit contributions on a timely basis.

II.

In addressing the Plaintiffs' application for the entry of a summary judgment, J.K.M. denies any liability under the parties' collective bargaining agreement. J.K.M., while acknowledging that it independently incorporated - but never operated - Milbrand Roofing, contends that it was sold to a third party on July 1, 2004. J.K.M. also asserts that its own business operations were permanently discontinued during the 2004 calendar year.

J.K.M. maintains that it paid employee contributions on behalf of Larry Danforth and George Danforth in May 2004 which was accompanied by a contribution report in its corporate name. J.K.M. also asserts that it continued to make contributions for the work performed by these two employees after May 2004. However, the record suggests that these contributions as well as the accompanying reports were submitted in the name of the Milbrand Roofing Company.

III.

In order to evaluate the parties' requests for the entry of a summary judgment, this Court has looked to the Supreme Court for guidance. In 1986, the Supreme Court opined that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). At the same time, the language within Rule 56© provides that a motion for summary judgment should

---

submit that a second notice was sent to J.K.M. via facsimile during the following month (November 3, 2005).

be granted only if its proponent "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is on the opponent of the motion for a summary judgment to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, the Court must examine every pleading, deposition, answer to an interrogatory, admission, and affidavit in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). It is not the role of the Court to weigh the facts. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). Rather, it is the duty of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, the moving party can show that a genuine factual issue is lacking if it presents evidence which is sufficient to make the issue "so one-sided that [it] must prevail as a matter of law," *id.* at 252, or point to a failure by the party-opponent to present evidence "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Upon such a showing, the non-moving party must act affirmatively to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). A mere scintilla of supporting evidence is insufficient. *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

IV.

Typically, the resolution of a dispute in a quasi-judicial setting (e.g., arbitration) is highly favored. *IBEW Local 429 v. Toshiba America, Inc.,* 879 F.2d 208, 209 (6th Cir. 1989) (citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593 (1960)). Under such circumstances, courts are bound by the findings of the decision-maker, and serve only to enforce the award. *Id.*

J.K.M. argues that the award, which is the subject matter of the Plaintiffs' summary judgment motion, is unenforceable, in that (1) the filing of the grievance and the submission of the grievance to the Board were untimely, and (2) it was never notified of the hearing, as required by the collective bargaining agreement. Typically, a challenging party has three months in which to challenge an arbitration award by filing a motion to vacate, modify, or correct the award. 9 U.S.C. § 12 (2007). The Plaintiffs submit that inasmuch as J.K.M. has failed to satisfy its statutory obligations under 9 U.S.C. § 12, it is now procedurally precluded from challenging the validity of the award by the LJAB that was issued over a year ago. *See Occidental Chemical v. International Chemical Workers Union,* 853 F.2d 1310, 1316 (6th Cir. 1988) ( three months was appropriate time period in which to challenge arbitration award); *Florasynth v. Pickholtz,* 750 F.2d 171, 177 (2nd Cir. 1984) (award is presumed to be valid after expiration of three months limitation period and motion to vacate award has not been filed); *SEIU Local No. 36 v. Office Center Services,* 670 F.2d 404, 412 (3rd Cir. 1982) (failure to raise objections to arbitration award within three months period serves as bar to aggrieved party in subsequent proceedings); *Chauffeurs, Teamsters Local No. 135 v. Jefferson Trucking Company,* 628 F.2d 1023, 1025 (7th Cir. 1980) (Defendant's failure to move to vacate arbitration award within prescribed time period prohibited it from seeking modification of award in subsequent action).

V.

There is no evidence in this record that J.K.M. undertook any steps to comply with its obligatory procedural requirements under 9 U.S.C. § 12 when it failed or neglected to file a motion to vacate, modify, or correct the award by the Board. Without attempting to address the merit of the allegation that has been advanced by J.K.M. (i.e., the Plaintiffs' alleged failure to follow the requisite grievance procedures within the prescribed time period), it is inappropriate to raise this issue in the form of a motion for summary judgment before the Court at this time.

Accordingly, the Plaintiffs' motion for summary judgment must be, and is, granted, while J.K.M.'s request for similar relief must be, and is, denied. In doing so, the Court confirms the arbitration award of the Board, and directs J.K.M. to (1) comply with the terms of the Board's award, (2) make its books and records available to the Plaintiffs for an audit that will cover the period of December, 2003 to the date of this Order, and (3) compensate them for those costs, interests, and attorneys' fees that have not been previously recovered as a result its prosecution of this action.

IT IS SO ORDERED.

Dated:  June 6, 2007                           s/ Julian Abele Cook, Jr.
       Detroit, Michigan                         JULIAN ABELE COOK, JR.
                                                 United States District Court Judge

Certificate of Service

I hereby certify that on June 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                          s/ Kay Alford
                                                          Courtroom Deputy Clerk